UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60308-CIV-MARRA

ENRIQUE LINARES,

Plaintiff,

vs.

THE HOME DEPOT U.S.A., INC.,

Defendant.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Amend the Complaint (DE 10)

and Plaintiff's Motion to Remand (DE 12).  The Court has carefully considered the motions and

is otherwise fully advised in the premises.

I.  Background

Plaintiff Enrique Linares ("Plaintiff") filed a Complaint in the Circuit Court of the 17th

Judicial Circuit in and for Broward County, Florida alleging negligence against Defendant Home

Depot U.S.A., Inc. ("Home Depot") based on the failure of Home Depot, on January 28, 2011, to

maintain its premises, inspect its floor and post warning signs notifying Plaintiff of a dangerous

condition on the floor, thereby causing Plaintiff injuries. (Compl. ¶ ¶ 4, 6, 12, DE 5-3.)

Home Depot, on the basis of diversity jurisdiction, removed this case on February 21,

2012. (Notice of Removal, DE 1.)  On March 7, 2012, Plaintiff filed a motion to amend the

Complaint to include an additional Defendant, Osvaldo E. Ibarra ("Ibarra"), a resident of Florida.

(Proposed Am. Compl. ¶ 4, DE 10-1.)  According to the proposed Amended Complaint, Mr.

Ibarra negligently maintained the Home Depot store and failed to train properly Home Depot

employees regarding proper maintenance measures. (Proposed Am. Compl. ¶¶ 16-17.)  Plaintiff

has also moved to remand the action on the basis that the inclusion of Mr. Ibarra, a non-diverse

Defendant, has destroyed diversity jurisdiction.[1]

        Home Depot opposes both the amendment of the Complaint and remand. Specifically,

Home Depot invokes 28 U.S.C. § 1447(e) in arguing that the Court should deny joinder of the

non-diverse defendant post-removal.  Home Depot claims:  (1) the purpose behind the motion to

amend is to defeat federal jurisdiction; (2) Plaintiff was dilatory in alleging a claim against Mr.

Ibarra; (3) Plaintiff will not be injured if the amendment is not allowed and (4) Home Depot, a

diverse defendant, has an interest in retaining the federal forum. (DE 14 at 5-11.)  In response,

Plaintiff argues that he moved to amend the complaint timely and alleged that Mr. Ibarra

participated in the negligence that caused Plaintiff's injuries. If the amendment is not granted,

Plaintiff complains that he will be forced to prosecute two cases in different forums, thus

resulting in prejudice. (DE 24 at 4-5.)

        II. Discussion

        Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A district court

faced with the issue of whether to permit or deny the joinder of a non-diverse party has two

options: (1) deny joinder or (2) permit joinder and remand the case to state court. Ingram v. CSX

Transportation, Inc., 146 F.3d 858, 862 (11th Cir.1998). The decision is committed to the sound

---

    [1] Home Depot has submitted an affidavit from Mr. Ibarra. (Ibarra Aff., DE 16-1.)   The
affidavit, however, is unnecessary to resolve these motions.

discretion of the district court. <u>Mayes v. Rapoport</u>, 198 F.3d 457, 462 (4th Cir.1999); <u>Hensgens</u> <u>v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir.1987);[2] <u>Seropian v. Wachovia Bank, N.A.</u>, No. 10-80397-CIV, 2010 WL 2822195, at * 2 (S.D. Fla. July 16, 2010).  Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. <u>Hensgens</u>, 833 F.2d at 1182. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. <u>Id.</u>; <u>see</u> <u>Kleopa v. Prudential Inv. Management, Inc.</u>, No. 08-81386-CIV, 2009 WL 2242606, at * 2 (S.D. Fla. 2009).

In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.  <u>Id.</u>  In applying this balancing test, the district court should consider:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.  <u>Hensgens</u>, 833 F.2d at 1182; <u>Mayes</u>, 198 F.3d at 462; <u>Duckworth v. State Farm Mutual Auto Ins. Co.</u>, No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380, at * 1 (M.D. Fla. Feb. 20, 2008); <u>Portis v. Wal-Mart Stores, Inc.</u>, No. 07-0557-WS-C, 2007 WL 33086011, at * 3 (S.D. Ala. Oct. 19, 2007); <u>Jones v. Rent-A-Center East, Inc.</u>, 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005). The district court should balance the equities and decide whether the amendment should be permitted.

---

[2]  Although <u>Hensgens</u> was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

Hensgens, 833 F.2d at 1182; Mayes, 198 F.3d at 462.

A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, "should scrutinize that amendment more closely than an ordinary amendment" and should deny leave to amend unless strong equities support the amendment. Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002). The Court notes that, "[i]n balancing the equities, the parties do not start out on an equal footing." Sexton v. G & K Services, Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). This is because of the diverse defendant's right to choose between a state or federal forum. Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. Id. (citing Hensgens, 833 F.2d. at 1181). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. Id.

Here, the timing and substance of the proposed amendment strongly supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction. Plaintiff seeks to add a non-diverse defendant immediately after removal but before discovery, which suggests that the amendment is done with "specific purpose of destroying diversity jurisdiction." Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Speciality Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011) (citing Mayes, 198 F.3d at 463 ("We emphasize that the district court was correct to carefully scrutinize Mayes's attempt to add a nondiverse defendant after removal. Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is

4

for the specific purpose of avoiding federal jurisdiction."); <u>Vazquez v. Lowe's Home Centers, Inc.</u>, No. 8:06-CV-1885-T27TBM, 2007 WL 128823, at *1 (M.D. Fla. 2007) ("The fact that Plaintiffs seek to add the non-diverse defendants only after [the Defendant] removed the case to federal court 'strongly indicates that the purpose of the [Plaintiffs] amendment is to defeat federal jurisdiction.' ")).  Moreover, Plaintiff's claim against Mr. Ibarra stems from his claim against Home Depot and is substantially similar to the claim against Home Depot. (<u>Compare</u> Proposed Am. Compl. ¶ ¶ 7, 8, 9, 10, 11, 12, 13 <u>with</u> Proposed Am. Compl. ¶ ¶ 16, 18, 19, 20, 21, 22, 23.)  Clearly, an extensive investigation was not required to ascertain the claim against Mr. Ibarra.[3]  <u>See</u> <u>Ibis Villas</u>, 799 F. Supp. 2d at 1336.

        Next, the Court finds that Plaintiff will not be significantly prejudiced if this amendment is not allowed. There has been no showing by Plaintiff that he will not be able to obtain full relief on his claims in this Court without the presence of Mr. Ibarra as a defendant. Plaintiff can obtain a judgment against Home Depot without the presence of Mr. Ibarra, discovery will allow Plaintiff access to the same information with or without Mr. Ibarra in this case, there has been no suggestion that Home Depot would be unable to satisfy a judgment and Plaintiff is free to sue Mr. Ibarra in state court should he wish to do so.  <u>See</u> <u>Seropian</u>, 2010 WL 2822195, at * 4 (citing <u>Bevels v. American States Ins. Co.</u>, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000); <u>Sexton v. G & K Servs., Inc.</u>, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)).

_____

        [3] For this reason, the Court finds that, while Plaintiff was not dilatory in asking for amendment two months after the initial filing of the Complaint, Plaintiff was dilatory in alleging a claim against Mr. Ibarra when the accident occurred over a year before he sought to add this party as a defendant. <u>See Seropian</u>, 2010 WL 2822195, at * 4 (finding amendment dilatory even though the motion to amend was filed close in time to removal when there was no valid reason for waiting to add the defendant).

The Court notes that parallel lawsuits may cause Plaintiff to bear additional costs and time and does not serve the purpose of judicial economy. Id. at * 5 (citing Godwin v. National Union Fire Ins. Co. of Pittsburgh, Inc., No. 2:05CV783-SRW (WO), 2006 WL 3924795, at * 3 (M.D. Ala. 2006) (noting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources")). Nonetheless, the Court concludes that the balance of the equities weighs against allowing the amendment. [4]  The likelihood that Plaintiff will actually pursue a claim in state court against Mr. Ibarra is remote given that Home Depot is a fully solvent defendant who will be vicariously liable for any of Mr. Ibarra's negligent conduct.

In sum, by applying the Hensgens factors relevant to a district court's exercise of discretion under 28 U.S.C. § 1447(e), the Court finds that the factors militate against allowing Plaintiff to amend the Complaint to destroy complete diversity.

---

[4] Although the Eleventh Circuit has not stated whether the fraudulent joinder doctrine applies to post-removal joinder of resident defendants, several other circuit courts have held that fraudulent joinder does not apply in this context. Wade, 2009 U.S. Dist. LEXIS 108908, at * 5-6 (citing Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 764 (7th Cir. 2009); Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999); Mayes, 198 F.3d at 463).  For this reason, the Court rejects Plaintiff's argument that if a valid cause of action can be stated against Mr. Ibarra, the motion to amend should be granted.  That is the standard used in determining whether a defendant initially named in the complaint is fraudulently joined. Seropian, 2010 WL 2822195, at * 3; but see Schur, 577 F.3d at 764 (the fraudulent joinder doctrine is "not dispositive of whether joinder is improper; it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a non-diverse party."); Nebula Glass Intl., Inc. v. Reichhold, Inc., No. 02-cv-60703, 2002 WL 33928919, at * 2 (S.D. Fla. Oct. 15, 2002)) (the court considered fraudulent joinder as one factor to decide the amendment issue).

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to

Amend the Complaint (DE 10) and Plaintiff's Motion to Remand (DE 12) are **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 26th day of April, 2012.

_____

KENNETH A. MARRA
United States District Judge